# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3648

_____

James Washington, Jr.,

        Appellant,

v.

Steve Moore; Jay Nixon, Attorney
General,

        Appellees.

\* Appeal from the United States
\* District Court for the Western
\* District of Missouri.

_____

Submitted: June 20, 2005
Filed: August 30, 2005

_____

Before LOKEN, Chief Judge, ARNOLD and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

James Washington, Jr., appeals from the denial by the district court[1] of his 28 U.S.C. § 2254 petition for relief from a state robbery conviction. He argues that the district court erred by concluding that his attorney did not provide ineffective assistance under the sixth amendment of the Constitution. We affirm.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

## I.

A Missouri jury convicted Mr. Washington of first degree robbery for forcibly stealing a piece of electronic equipment from a department store by use or threatened use of a dangerous instrument, *see* Mo. Rev. Stat. § 569.020. The jury was not persuaded by Mr. Washington's alibi defense; he maintained that he was somewhere other than the department store at the time of the robbery. Mr. Washington exhausted his state post-conviction remedies before filing his § 2254 petition in the district court. In this petition, Mr. Washington advanced eight separate arguments for the proposition that his trial counsel had provided ineffective assistance. Only two are relevant for this appeal. One is that his lawyer provided ineffective assistance by neglecting to request a continuance to obtain a surveillance videotape from the department store; the other is that the attorney provided ineffective assistance by allowing an intern – a law student with a limited license to practice law, *see* Mo. S. Ct. R. 13.01 – to present the bulk of the alibi defense. The district court rejected these arguments, but later granted Mr. Washington's motion for a certificate of appealability on these two issues.

## II.

When reviewing a district court's denial of a § 2254 petition, we review findings of fact for clear error and legal conclusions *de novo*. *Evans v. Luebbers*, 371 F.3d 438, 441 (8th Cir. 2004), *cert. denied*, 125 S. Ct. 902 (2005). A federal court cannot grant habeas relief under § 2254 unless the state court's decision denying the petitioner's claim "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court" or "was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d).

The sixth amendment (as applied to the states through the fourteenth amendment, *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963)) guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective

assistance of counsel, a defendant ordinarily must show that "counsel's representation fell below an objective standard of reasonableness," *id.* at 687-88, and that there was prejudice, *i.e.,* that there is "a reasonable probability that ... the result of the proceeding would have been different" if counsel had performed adequately, *id.* at 694. A defendant need not demonstrate prejudice, however, if the circumstances were "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *United States v. Cronic*, 466 U.S. 648, 658-59 (1984). Courts presume the existence of prejudice if the defendant was completely denied defense counsel or if defense counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659.

### III.

Mr. Washington contends that his trial counsel provided ineffective assistance by neglecting to move for a continuance in order to obtain a surveillance tape from the department store that was robbed. The reference to a continuance is a diversion; the gist of the argument is that the attorney should have procured the surveillance tape. Mr. Washington does not have the tape, but insists that it "may have" exculpated him had it been presented at trial. The district court decided that Mr. Washington did not demonstrate ineffective assistance because he never proved that the tape existed and a witness testified that the tape showed nothing relevant. For the purposes of this opinion, we assume that there was a surveillance tape.

A reasonable probability that the result of the proceeding would have been different is a probability sufficient to undermine our confidence in the of the outcome of the trial. *Strickland*, 466 U.S. at 694. A consideration of Mr. Washington's arguments and an examination of this record leaves our confidence unshaken. First, Mr. Washington does not have the tape to show us, so we cannot assess its content for ourselves. Second, the only testimony regarding the content of the tape indicates that the tape was either irrelevant or inculpatory. One person testified that the tape did not show the site of the robbery at the time that it occurred. The other individual

to testify about the content of the tape said that it showed Mr. Washington in the area of the store where the robbery occurred – a difficulty for Mr. Washington given his alibi defense. We have no reason to think that the tape would have helped Mr. Washington's cause, and thus the district court did not err in ruling that the state court did not unreasonably apply Supreme Court precedent by deciding that *Strickland* did not entitle him to relief.

IV.

Mr. Washington also maintains that his lawyer provided ineffective assistance by allowing a law-student intern to put on the bulk of the defense. The intern presented Mr. Washington's case-in-chief, handling the direct and re-direct examinations of the alibi witnesses. During the intern's presentation, the prosecutor made a number of evidentiary objections, and the prosecutor, intern, and judge joined in several sidebar conferences. Mr. Washington cites the objections and conferences as evidence that his attorney inadequately prepared and supervised the intern. And, Mr. Washington asserts, the difficulties with regard to the intern do not end there, for his attorney failed to take over from the intern when Mr. Washington asked him to do so. These facts implicate *Cronic*'s *per se* rule of prejudice, Mr. Washington argues, because it was as if the attorney "had been absent from the trial itself." But even if *Cronic*'s rule is inapplicable, he maintains, these facts evince prejudice under *Strickland* (though he does not explain how). The district court decided that Mr. Washington's attorney did not render ineffective assistance because the intern ably put the alibi defense before the jury. (For purposes of this opinion only, we assume, without holding, that Mr. Washington's attorney inadequately trained and supervised the intern, and refused to take the lead when asked to do so.)

We are not persuaded by Mr. Washington's arguments. We do not think that these facts establish presumptive prejudice under *Cronic*. Mr. Washington was not literally denied counsel, as his attorney was present throughout the entire trial. Also, the prosecution's case was subject to adversarial testing: Mr. Washington's attorney

-4-

presented opening and closing arguments, and the intern elicited testimony from two witnesses to the effect that Mr. Washington was not at the department store at the time of the robbery. These circumstances do not involve the sort of one-sidedness that demands the application of *Cronic*'s *per se* rule of prejudice. As for the *Strickland* standard, we conclude that Mr. Washington has not demonstrated prejudice: the intern's presentation was adequate in both substance and form. Mr. Washington does not contend that the intern failed to introduce any evidence, and after reviewing the transcript, we do not think that the intern's manner of presentation was in any way prejudicially infirm. That being so, the state court did not unreasonably apply Supreme Court precedent, and the district court did not err in rejecting the claim.

V.

For the reasons indicated, we affirm the district court's denial of Mr. Washington's § 2254 petition.

_____